**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

JAMES L. MILLER, SR.,
*Defendant-Appellant.*

No. 99-4866

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CR-98-1114-DWS)

Submitted: December 29, 2000

Decided: March 6, 2001

Before WILKINS, MICHAEL, and TRAXLER, Circuit Judges.

---

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

---

**COUNSEL**

Sheldon Bradshaw, Gene Healy, HOWREY, SIMON, ARNOLD &
WHITE, L.L.P., Washington, D.C., for Appellant. J. Rene Josey,
United States Attorney, Dean A. Eichelberger, Assistant United States
Attorney, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

James L. Miller appeals the sentence of seventy-eight months imprisonment imposed by the district court after his guilty plea to mail fraud and conspiracy to commit mail fraud resulting from Miller's involvement in a number of staged automobile accidents. We affirm in part, vacate in part, and remand.

Miller first argues that the district court plainly erred in adopting the probation officer's calculation of his criminal history, rather than finding, sua sponte, that his prior convictions for receiving stolen goods and housebreaking/grand larceny were related cases because they were part of a common scheme or plan. *See U.S. Sentencing Guidelines Manual* § 4B1.2, comment. (n.3) (1998). Both crimes occurred in January 1994, but involved different victims in different counties in South Carolina. Miller was prosecuted and sentenced separately for each offense, although the sentences were made concurrent. Applying the test set out in *United States v. Breckenridge*, 93 F.3d 132, 138 (4th Cir. 1996), we cannot say that the district court plainly erred in treating the offenses as unrelated.

We find next that the district court did not clearly err in determining that Miller had attempted to obstruct the investigation of his current offenses by threatening a co-defendant, Cheryl Parker Gainey, and adjusting Miller's offense level accordingly. USSG § 3C1.1, comment. (n.4(a)). As a consequence, we also find that the district court did not clearly err in refusing to reduce Miller's offense level for acceptance of responsibility. USSG § 3E1.1, comment. (n.4). We further find that the record does not conclusively establish that Miller received ineffective assistance in connection with his sentencing,[1] and

---

[1]Miller represented himself at sentencing.

that any such claim would be better raised in a motion under 28 U.S.C.A. § 2255 (West Supp. 2000).

Finally, Miller contends that the district court plainly erred in failing to make findings that keyed the statutory factors in 18 U.S.C.A. § 3664(f)(2) (West 2000) to the type and manner of restitution ordered. The district court ordered Miller to make restitution to the insurance companies he had defrauded, but made no factual findings concerning his ability to pay.[2]

Under the Mandatory Victims Restitution Act (MVRA), 18 U.S.C.A. § 3663A (West 2000), which was enacted in 1996 and applies to post-1996 convictions for certain crimes including fraud, the district court need not consider the defendant's ability to make restitution, but must consider the factors set out in § 3664, thus finding that the manner of restitution ordered is reasonable. *See United States v. Dawkins*, 202 F.3d 711, 716 (4th Cir.), *cert. denied*, 120 S. Ct. 1989 (2000). The statutory factors the court must consider are: the defendant's financial resources and other assets, his projected earnings and other income, and his financial obligations, including obligations to dependents. 18 U.S.C.A. § 3664(f)(2). By contrast, under the Victim and Witness Protection Act (VWPA), 18 U.S.C.A. §§ 3663, 3664 (West 2000), the district court must make specific findings concerning the defendant's ability to pay restitution before entering an order of restitution. *United States v. Castner*, 50 F.3d 1267, 1277 (4th Cir. 1995).

Miller's criminal conduct occurred before the MVRA was enacted on April 24, 1996. The only relevant conduct described in the presentence report that occurred after that date was Miller's attempts to intimidate potential witnesses.[3]

---

[2]The court recommended that Miller be given the opportunity to participate in the Inmate Financial Opportunity Program.

[3]Several circuits have held that application of the MVRA to criminal conduct committed before its effective date violates the Ex Post Facto Clause. *See, e.g.*, *United States v. Edwards*, 162 F.3d 87, 92 (3d Cir. 1998). This circuit has not addressed the issue. *United States v. Karam*, 201 F.3d 320, 330 & n.13 (4th Cir. 2000).

It is not clear from the record whether the VWPA or the MVRA was applied at sentencing. The probation officer seems to have assumed that the VWPA should be applied, because the section on restitution cites 18 U.S.C.A. § 3663, not § 3663A, and states that, "[u]pon considering the defendant's ability to pay, restitution may be ordered . . . ." Under either statute, certain specific factual findings were required.

A district court may discharge its duty under the statute if it adopts a presentence report that contains a section that reflects the defendant's ability to pay and "'that contains adequate factual findings to allow effective appellate review of the fine or restitution.'" *Karam*, 201 F.3d at 329 (quoting *Castner*, 50 F.3d at 1277). The presentence report in Miller's case contained a section on his financial condition and ability to pay. However, the probation officer noted there that Miller was disabled and his only source of income was Social Security benefits, which had been terminated. The probation officer suggested that Miller did not have the ability to pay a fine. Because the district court's adoption of the presentence report in this case does not appear to satisfy the statutory requirements of either the VWPA or the MVRA, we are constrained to vacate the restitution portion of the judgment order and remand the case to permit the district court to state which statute is being applied, and to make the necessary findings.

We therefore affirm the sentence, but vacate the order of restitution and remand for further proceedings consistent with this opinion. We deny Miller's motion for oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED,*
*IN PART, AND REMANDED*